UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO KING,<br><br>          Plaintiff,<br><br>     v.<br><br>W.S. WADKINS.,<br><br>          Defendant. | Case No.: 1:16-cv-00433-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT TO ADD A NEW DEFENDANT AND NEW CLAIM<br><br>[ECF No. 16] |

Plaintiff Mario King is a state prisoner and appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This is action is proceeding against Defendant W. S. Wadkins for a due process violation arising out of rules violation report hearing on November 23, 2015.

Currently before the Court is Plaintiff's motion to amend the complaint to add a new defendant and new claim of retaliation, filed August 1, 2016.  (Doc. 16.)  On August 18, 2016, Defendant Wadkins filed an answer to the complaint.  (Doc. 17.)

///

///

///

///

///

1

# I.

# DISCUSSION

As an initial matter, although Plaintiff did not attach a copy of the proposed amended complaint as required by Local Rule 137(c),[1] it is clear from the motion to amend that he seeks to add a claim of retaliation in violation of the First Amendment against Defendant J. Barrios. Plaintiff's motion to amend the complaint to add a new claim against an additional defendant implicates both Rules 15 and 20 of the Federal Rules of Civil Procedure. See Desert Empire Bank v. Insurance Co. of North American, 623 F.2d 1371, 1374 (9th Cir. 1980) (petition to amend pleading to add party defendant brings into consideration Rules 15 and 20). Rule 15 provides that a party may amend its pleading once as a matter of right within 21 days after serving it or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts generally consider four factors in determining whether to deny a motion to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

Rule 20 allows for the permissive joinder of multiple party defendants in one action if two requirements are met: (1) the right to relief asserted against each defendant arises out of the same transaction or occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants arises in the action. Fed. R. Civ. P. 20(a)(2); Desert Empire Bank, 623 F.2d at 1375 (applying Rule 20(a) to determine that defendant was properly joined). Rule 18 of the Federal Rules of Civil Procedure governs the joinder of claims in a single lawsuit. Rule 18 provides, "[a] party asserting a claim … may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). However, a plaintiff may join multiple claims only

---

[1] Local Rule 137(c), provides, in relevant part, "[i]f filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave …." Local Rule 137(c).

2

if they are all against a single defendant. Fed. R. Civ. P. 18(b). Thus, multiple claims against a single party may be raised, but unrelated claims against different defendants belong in different actions.

Plaintiff's motion to amend to add Defendant J. Barrios based on an unrelated claim of retaliation must be denied as futile because such defendant and claim is not properly joined under Rule 20. As previously stated, this action is proceeding against Defendant W. S. Wadkins for a due process violation arising out of a rules violation hearing which took place on November 23, 2015. Plaintiff now seeks to add a retaliation claim against Defendant J. Barrios for an order made by him on June 23, 2016 (acting under the direction of Defendant W.S. Wadkins) to relocate Plaintiff's housing placement for an alleged incident involving J. Barrios. Plaintiff contends that J. Barrios (under direction of W.S. Wadkins) took adverse action and falsified the alleged incident involving Barrios in retaliation for the filing of the instant action.

Plaintiff's retaliation claim against Defendant J. Barrios is not related to the existing due process claim against Defendant W.S. Wadkins and does not arise out of the same transaction or occurrence or series of transactions or occurrences. "The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." Bravado Int'l Group Merchandising Servs. v. Cha, No. CV 09-9066 PSG (CWX), 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citing Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997)). Plaintiff's new retaliation claim arises several months after the alleged due process violation on November 23, 2015. Although this action is presently proceeding against Defendant W.S. Wadkins, a subsequent unrelated claim of retaliation against a different individual occurring several months later, does not involve the same transaction or occurrence of series of transaction or occurrences. Indeed, Plaintiff's retaliation claim deals with an alleged retaliatory transfer on June 23, 2016 in his housing placement, wholly, unrelated to a procedural due process claim against Defendant Wadkins which took place in November 2015. The Court is mindful of the liberality of Rule 15(a) and the leniency accorded pro se litigants, but the Court may properly deny leave to amend if the proposed amendment is futile, as it is here. See Woods v. City of San Diego, 678 F.3d 1075, 1082 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1105-06 (9th Cir. 2011); Carrico v. City and County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). While the

Court expresses no opinion as to whether Plaintiff may state a cognizable retaliation claim against Defendant J. Barrios, Plaintiff's motion to amend the complaint in this action violates Rules 18 and 20 of the Federal Rules of Civil Procedure by seeking to add an unrelated claim against a new defendant, and amendment is futile.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to amend the complaint is DENIED.

IT IS SO ORDERED.

Dated:   **August 30, 2016**

UNITED STATES MAGISTRATE JUDGE