UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO KING,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>W.S. WADKINS,<br><br>　　　　　　Defendant. | Case No.: 1:16-cv-00433-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS RELATING TO ALLEGED DUE PROCESS VIOLATIONS<br><br>[ECF Nos. 36, 37] |

　　　　Plaintiff Mario King is a state prisoner and appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On April 5, 2017, Plaintiff filed two separate documents entitled, "Motion for the Court to Take Notice of Evidence," and "Notice Re Process Denied." (ECF Nos. 36, 37.) From review of Plaintiff's motions, the Court cannot discern the exact relief Plaintiff is requesting other than a finding that Defendant Wadkins failed Plaintiff's due process rights. Given Plaintiff's pro se status, the Court will construe Plaintiff's motion as a motion for summary judgment. For the following reasons, Plaintiff's motions must be denied.

///

///

///

///

1

# I.

# RELEVANT HISTORY

This action is proceeding against Defendant W.S. Wadkins for alleged due process violations relating to a rules violation for fighting with another inmate.

Defendant Wadkins filed an answer to the complaint on August 18, 2016, and on August 23, 2016, the Court issued the discovery and scheduling order.

# II.

# DISCUSSION

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d at 942 (quotation marks and citation omitted).

With regard to Plaintiff's motion for summary judgment, as the party with the burden of persuasion at trial, Plaintiff must establish "beyond controversy every essential element of" his affirmative claims. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (quoting

W. Shwarzer, California Practice Guide: Federal Civil Procedure Before Trial § 14:124-127 (2001)). The moving party's evidence is judged by the same standard of proof applicable at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Plaintiff has failed to meet his burden of proof as the moving party on summary judgment. Plaintiff simply restates the allegations set forth in the operative complaint, namely, that staff had a hearing on his rules violation for fighting without presenting exculpatory evidence and refers only to the rules violation report, informational chrono, and a medical evaluation relating to the fight. Plaintiff, as the moving party, is required to establish every element of his claim, showing that there are no disputed issues of facts. Plaintiff's motion is merely a repeat of the allegations and evidence presented in the operative complaint, which does not entitled Plaintiff to summary judgment as a matter of law. Further, Plaintiff has failed to refer to any specific undisputed facts, and has failed to submit a separate statement of undisputed facts. Such a statement "shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission or other document relied upon to establish that fact." Local Rule 260(a). Accordingly, Plaintiff has failed to meet his burden on summary judgment and his motions must be denied.

### III.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions for summary judgment be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may

///

///

///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 6, 2017**

UNITED STATES MAGISTRATE JUDGE