UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO KING,<br><br>    Plaintiff,<br><br>    v.<br><br>W. S. WADKINS,<br><br>    Defendant. | Case No.: 1:16-cv-00433-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES, SET ONE<br><br>[ECF No. 44] |

Plaintiff Mario King is a state prisoner and appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion to compel, filed May 3, 2017.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendant W. S. Wadkins for alleged due process violations relating to a rules violation for fighting with another inmate.

Defendant Wadkins filed an answer to the complaint on August 18, 2016, and on August 23, 2016, the Court issued the discovery and scheduling order.

On March 20, 2017, the Court granted Plaintiff's request to extend the time to respond to Defendant's interrogatory requests to and including, April 17, 2017.

On April 17, 2017, the Court granted Defendant's request to extend the discovery deadline to May 8, 2017.

On April 20, 2017, the Court granted Plaintiff's request for an extension of time to submit production of documents to Defendant. The deadline was extended to May 24, 2017, and the discovery cut-off date was extended to and including June 14, 2017.

As previously stated, on May 3, 2017, Defendant filed a motion to compel further responses to Defendant's first set of interrogatories. Plaintiff filed an opposition on May 26, 2017, and Defendant filed a reply on June 2, 2017.

## II.

## DISCUSSION

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 18, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal.

Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

1     Defendant moves to compel Plaintiff to provide further responses to Interrogatories Numbers 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, and 22.

    In opposition, Plaintiff appears to argue that he did not have sufficient time to respond to Defendant's interrogatories. However, Plaintiff was granted an extension of time to respond to Defendant's requests (ECF No. 34), and Plaintiff did not seek any additional time to respond to Defendant's interrogatories. Thus, there is no basis to support Plaintiff's argument of the need to conduct additional research relevant to Defendant's interrogatory requests.

### A.    Interrogatory Responses

    "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Finally, responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney, who objects must sign any objections.")

    Defendant submits that his first set of interrogatories ask Plaintiff to identify facts, persons, and documents that support Plaintiff's contentions that Defendant violated his due process rights.

### 1.    Interrogatory Nos. 1, 2 and 3

    <u>Interrogatory No. 1</u>: State all facts that support your claim that DEFENDANT Wadkins was provided with evidence indicating YOUR innocence as YOU allege on page four of YOUR COMPLAINT.

    <u>Plaintiff's Response</u>: Supporting facts that Defendant W. S. Wadkins was presented with evidence. See Exhibits 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15." See also Exhibit 11 that Defendant W. S. Watkins deliberately withheld document until the conclusion of the hearing which clearly contradicts both correctional officer B. Martinez report and the Defendant W. S. Wadkins assertion that Plaintiff inflicted serious injury or serious impairment of physical condition, nor injury pursuant to Dr. G. Ugwueze Chief Medical Executive report.

///
///

Interrogatory No. 2: IDENTIFY each and every PERSON by name and address who YOU contend has knowledge of any fact supporting YOUR contention that DEFENDANT Wadkins was provided with evidence indicating YOUR innocence as YOU allege on page four of YOUR COMPLAINT.

Plaintiff's Response: Supporting facts that Defendant W. S. Wadkins was provided with evidence indicating Plaintiff's innocence. See Exhibit 3 statement from Plaintiff, signed and noted, and verify by Defendant W. S. Wadkins recognizing Plaintiff's request for audio of self-admission, statements of nine witnesses, statements of the CDCR 7219 (Rev. 11/05) dated 10/25/15, cross references. Miranda Rights, Miranda Rule and Exhibits 4, 5, 6, 7, 8, 9, 12, 13, 14, 15; see also CDCR 115 form State of Calif. Rules Violation Report-Part C- page 2of 3. Defendant W. S. Wadkins also has knowledge of Exhibit 11 that contradicts correctional officer B. Martinez report, documentation that Defendant deliberately withheld until the conclusion of the hearing.

Interrogatory No. 3: IDENTIFY all DOCUMENTS supporting YOUR contention that DEFENDANT Wadkins was provided with evidence indicating YOUR innocence as YOU allege on page four of YOUR COMPLAINT.

Plaintiff's Response: Supporting facts that Defendant W. S. Wadkins was provided with evidence indicating Plaintiff's innocence. See Exhibit 3 Statement from Plaintiff, signed, noted and verified receipt by Defendant W. S. Wadkins recognizing Plaintiff's request for audio of alleged self-admission, statements of nine witnesses, statements of the CDCR 7219 (Rev. 11/05) dated 10/25/15, California Code of Regulations, Title 15. Subsections, Department of Corrections and Rehabilitation Operations Manual, Miranda Rights, Equal Protection of the law, Equal Protection Clause, Custodial Interrogation. Exhibits 4, 5, 6, 7, 8, 9, 12, 13, 14, 15. See Also CDCR 115 Form State of Calif. Rules Violation Report-Part C-page 2 of 3. Defendant W. S. Wadkins has knowledge of Exhibit 11 which contradicts correction officer B. Martinez Rules Violation Report (injuries consistent with being involved in a physical altercation). Defendant W. S. Wadkins withheld Dr. G. Ugwueze Chief Medical Executive report, summons correction officer J. Cavaguan into his office to willfully alter evidence in violation PC § 115. Attempt to record false or forced instrument, PC § 132. Offering forced or altered document as genuine. PC § 134. Falsifying documents to be used in evidence.

Ruling: Defendant's motion to compel shall be granted. Plaintiff's responses to interrogatories numbers 1, 2, and 3, are nonresponsive and incomplete. With regard to all of the interrogatories, Plaintiff failed to attach any exhibits for which he claims were responsive, and failed to identify what the exhibits are or to which pleading they are exhibits. With regard to Interrogatory No. 2, Plaintiff failed to identify any persons by name or address that have knowledge of the facts supporting his contention that Defendant was provided with evidence regarding his alleged innocence. With regard to Interrogatory No. 3, Plaintiff failed to identify all documentation in support of his contention regarding providing Defendant with evidence of his alleged innocence. Accordingly, Defendant's motion to compel further responses to Interrogatory Nos 1, 2, and 3, is granted, and Plaintiff will be directed to provide further responses within thirty days.

**2. Interrogatory Nos. 5 and 6**

Interrogatory No. 5: IDENTIFY each and every PERSON by name and address who YOU content has knowledge of any fact supporting YOUR contention that DEFENDANT Wadkins disregarded witness statements as alleged in YOUR COMPLAINT.

Plaintiff's Response: Plaintiff identify Defendant W. S. Wadkins who has knowledge of facts supporting Defendant W. S. Wadkins disregarded witness statements. See CDCR 115 Form State of California Rules Violation Report, Part C, page 2 of 3 (CDC 115-C (5/95). See also Exhibits 1, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16.

Interrogatory No. 6: IDENTIFY all DOCUMENTS supporting YOUR contention that DEFENDANT Wadkins disregarded witness statements as alleged in YOUR COMPLAINT.

Plaintiff's Response: Plaintiff identify document CDCR 115 Form State of California Rules Violation Report, Part C, page 2 of 3 CDC 115-C (5/95). See also Exhibits 1, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16.

Ruling: Defendant's motion to compel shall be granted. Plaintiff failed to provide responsive answers to Interrogatory Nos. 5 and 6. With regard to Interrogatory No. 5, Plaintiff failed to identify any person who has knowledge of relevant information regarding his claim that Wadkins disregarded witness statements. Rather, Plaintiff merely lists several exhibits, without any indication of what they are or how they are responsive to Defendant's request. Likewise, with regard to Interrogatory No. 6,

6

Plaintiff simply provides a list of fourteen exhibits, but fails to explain what the exhibits are or how they are responsive to Defendant's request. Plaintiff will be directed to provide further responses to Interrogatories Nos. 5 and 6 within thirty days.

**3.    Interrogatory Nos. 7 and 8**

<u>Interrogatory No. 7</u>: State all facts supporting YOUR contention that DEFENDANT Wadkins said "my officer has no reason to lie," as YOU allege in YOUR COMPLAINT.

<u>Plaintiff's Response</u>: Supporting facts that Defendant W. S. Wadkins was provided with evidence indicating Plaintiff's innocence. See Exhibit 3 Statement from Plaintiff, signed, noted and verified receipt by Defendant W. S. Wadkins recognizing Plaintiff's request for audio of alleged self-admission, statements of nine witnesses, statements of the CDCR 7219 (Rev. 11/05) dated 10/25/15, California Code of Regulation Title 15, Subsections, Department of Corrections and Rehabilitation Operations Manual, Miranda Rights, Equal Protection of the law, Equal Protection Clause, Custodial Interrogation. Exhibits 4, 5, 6, 7, 8, 9, 12, 13, 14, 15. See also CDC 115 Form State of California Rules Violation Report-Part C-page 2 of 3. Defendant W. S. Wadkins also has knowledge of Exhibit 11 which contradicts correction officer B. Martinez Rules Violation Report (injuries consistent with being involved in a physical altercation). Defendant W. S. Wadkins withheld Dr. G. Ugwueze Chief Medical Executive Report. Additionally, Defendant W. S. Wadkins summon correction officer J. Cavajuan into his office and alter evidence violation PC §§ 115, 132, and 134.

<u>Interrogatory No. 8</u>: IDENTIFY each and every PERSON by name and address who YOU contend has knowledge of any fact supporting YOUR contention that DEFENDANT Wadkins said "my officer has no reason to lie," as YOU alleged in YOUR COMPLAINT.

<u>Plaintiff's Response</u>: Plaintiff was denied staff assistance. See California Code of Regulations Title 15, 3315(d)(2) (staff assistant). (CCR) Title 15, 3315 (B) ("At any point prior to the disciplinary hearing if it is discovered that the inmate may need a staff assistant, the classifying official or staff at an equal or higher rank, shall be advised in writing of the need, and if appropriate per section 3315(d)(2)(A), order the assignment of the staff assistant. If the need for staff assistance is discovered by the hearing official at the time of the disciplinary hearing, the hearing official shall postpone the hearing and order the assignment of the staff assistant. In either instance, the inmate shall be provided

at least a 24 hour time period to allow for preparation with the assigned staff assistant prior to participating in the disciplinary hearing.") Thus, as a result Plaintiff had no staff assistant to witness Defendant W. S. Wadkins. In spite of the fact Defendant W. S. Wadkins stated "correction officer S. Wimer answered the following questions. Correction officer S. Wimer was not present nor did SHO Defendant W. S. Wadkins notify him through telephone. See State of California Serious Rules Violation Report-Part C CDC 115-C (5/95) page 2 of 3.

Ruling: Defendant's motion to compel shall be granted as Plaintiff's responses are non-responsive. With regard to Interrogatory No. 7, Plaintiff merely provides a list of exhibits, and cites subsections of the California Code of Regulations, and other various rules and points of law. However, Plaintiff did not respond directly to Defendant's request state all facts in support of his contention that Defendant Wadkins stated "my officer has no reason to life." With regard to Interrogatory No. 8, although Plaintiff states that no staff assistant was appointed or witnessed Defendant Wadkins, it is not clear from Plaintiff's response whether he has identified each and every person by name and address who can support his contention that Defendant said his officer had no reason to life. Plaintiff is advised that if there is no individual who can be identified in support of his contention then Plaintiff must state so in plain and clear terms. Accordingly, Plaintiff will be directed to provide further responses to Interrogatory Nos. 7 and 8 within thirty days.

**4.     Interrogatory Nos. 10, 11 and 12**

Interrogatory No. 10: State all facts supporting YOUR contention that DEFENDANT Wadkins denied YOU due process as alleged in YOUR COMPLAINT.

Plaintiff's Response: Defendant W.S. Wadkins denied Plaintiff witnesses. Defendant W.S. Wadkins denied Plaintiff staff assistant though Plaintiff is a participant of the CCCMS program. Defendant W. S. Wadkins denied Plaintiff's requested evidence of audio/recording of Plaintiff's alleged self-admission to correction officer B. Martinez. Defendant W. S. Wadkins denied Plaintiff evidence that contradicts correction officer B. Martinez Rules Violation Report. See Exhibit 11 evaluated by Dr. G. Ugwueze, Chief Medical Executive Report contradicting "which shows injuries consistent with being involved in a physical altercation" correction officer B. Martinez report. Defendant W. S. Wadkins notified correction officer J. Cavaguan to write on document as if Exhibits

1 | 10, 11, were issued to Plaintiff 11/2/2015 committing a crime pursuant to PC § 115 Attempt to Record
2 | False or Forged Instrument. PC § 132 Offering Forged or Altered Document as Genuine. PC § 134
3 | Falsifying Documents to be used in evidence. See Exhibit 1 proof of altered evidence. Plaintiff's
4 | original copy. Defendant W. S. Wadkins allowed the falsification of record to administer punishment
5 | to Plaintiff. Defendant W. S. Wadkins disregarded the fact that correction officer B. Martinez never
6 | read Plaintiff his Miranda rights before interrogating Plaintiff. This is a clear violation of Miranda
7 | Rights, Custodial Interrogation. See Miranda v. Arizona, 384 U.S. 436. Defendant W. S. Wadkins
8 | stated "correction officer S. Wimer answered the following questions: "Correction Officer S. Wimer
9 | as not present during the hearing no did SHO Defendant W. S. Wadkins notify Plaintiff witness
10 | telephone. See State of California Serious Rules Violation Report-Part C CDC 115-C (5/95) page 2 of
11 | 3. Correction officer Gutierrez was present during Plaintiff being escorted, stripped searched, placed in
12 | a cage, custodial interrogation and can testify Plaintiff never admitted to fighting. See Exhibit 4
13 | which ensure that another peace officer is present when arrestee is advised of his rights and the answer
14 | to these questions along with any statement provided after a waiver of these rights. Department of
15 | Corrections and Rehabilitation Operations Manual 52050.7.1 (DOM) 52080.2. See also California
16 | Code of Regulations Title 15, 3310 through 3345. See also exhibits 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14,
17 | 15, 16.

<u>Interrogatory No. 11</u>: IDENTIFY each and every PERSON by name and address who YOU contend has knowledge of any fact supporting YOUR contention that DEFENDANT Wadkins denied YOU due process as alleged in YOUR COMPLAINT.

<u>Plaintiff's Response</u>: Correction officer Gutierrez will testify that he was present during the hand-cuffing, escort, strip searching, cavity search (Plaintiff squat) and the custodial interrogation of Plaintiff. Correction officer Gutierrez also has knowledge, "at no time was Plaintiff read Miranda rights nor admitted to fighting as reported by correction officer B. Martinez. Correction officer S. Wimer will testify that he was never called to the hearing as Plaintiff's witness. Correction officer S. Wimer will also testify that in adherence to California Code of Regulations Title 15, 3312(a) ("Inmate misconduct shall be handled by" (CCR) Title 15, 3312(1) "Verbal Counseling. Staff may respond to minor misconduct by verbal counseling. When verbal counseling achieves corrective action, a written

1 | report of the misconduct or counseling is unnecessary.") Correction officer S. Wimer conducted a
2 | body search of inmates in pods fourteen and fifteen verbally counseling. See Exhibits 8, 9, "witness
3 | statements. James World (CDCR) #AU1007, Pete Gomez (CDCR) #AK5393, Rosenda Martinez
4 | (CDCR) #AG 6539, Durnell Pruitt (CDCR) #E24795, Ronnie Cole (CDCR) #D64209, Calvin Johnson
5 | (CDCR) #AT310, Z. Ozuna (CDCR) #AM 1552, Garcia (CDCR) #H45960, P.O. Box 5248, AZ.13.1
6 | low CSATF State Prison, Freddy Cardenas (CDCR) #C91450, P.O. Box 5248 AZ.13.2. low CSATF
7 | State Prison, and Exhibit 11, Dr. G. Ugwueze, Chief Medical Executive Report "No serious injury was
8 | received/noted contradicts correction officer B. Martinez Rules Violation Report A 7219 medical
9 | evaluation was completed on inmates King and Knox which show injuries consistent with being
10 | involved in a physical altercation. Plaintiff's evidence that disputes and contradict Defendant W. S.
11 | Wadkins assertion "Plaintiff failed to present Defendant W. S. Wadkins with any additional
12 | information or evidence on his behalf, which could provide any mitigation to or refute the charges
13 | against him." Please take notice see Exhibits 1, 3, 4, 5, 6, 7, 8, 9 was presented as evidence to the
14 | Defendant W. S. Wadkins. Defendant W. S. Wadkins noted Plaintiff's request evidence audio of self-
15 | alleged admittance, witnesses submitted at the hearing. CDCR 7219 (Rev. 11/05) inmate/Plaintiff
16 | statement. Defendant W. S. Wadkins document of receipt noted Miranda Rights continued Miranda
17 | Rule.

<u>Interrogatory No. 12</u>: IDENTIFY all DOCUMENTS supporting YOUR contention that DEFENDANT Wadkins denied YOU due process as alleged in YOUR COMPLAINT.

<u>Plaintiff's Response</u>: Due Process was denied to Plaintiff denying the Constitution of California of the United States Amendment VI. In all hearing Plaintiff has the right to have the compulsory process for obtaining witnesses in his favor. Refer to Interrogatory respondent's response #1-04 and its Exhibit 1, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15.

<u>Ruling</u>: Defendant's motion to compel is denied as to Interrogatory No. 10 and granted as to Interrogatory Nos. 11 and 12. With regard to Interrogatory No. 10, Plaintiff appears to have responded to the interrogatory by providing factual support for his contention that Defendant W. S. Wadkins did not provide him due process as alleged in the complaint, and Defendant makes no argument as to how Plaintiff's response is insufficient. Accordingly, Defendant's motion to compel a

further response to Interrogatory No. 10 is denied. With regard to Interrogatory No. 11, although Plaintiff identifies certain inmate witnesses in his response, Plaintiff also refers to numerous exhibits without identification and relevance of such documentation. In addition, Plaintiff makes reference to incidents which took place prior to the Rules Violation Hearing. Accordingly, it appears that Plaintiff's response to Interrogatory No. 11 is incomplete and Plaintiff shall be directed to file a further response. With regard to Interrogatory No. 12, Plaintiff fails to reference documentation in support of his claim as requested by Defendant. Rather, Plaintiff only identifies the United States Constitution and prior interrogatory responses and unidentified exhibits. However, Plaintiff cannot refer to prior responses to interrogatory requests because the requests are not duplicative and Interrogatory No. 12 seeks additional and distinct information from the prior interrogatories. Accordingly, Plaintiff shall be directed to provide a further response to Interrogatory No. 12.

    **5.    Interrogatory Nos. 14 and 15**

<u>Interrogatory No. 14</u>: IDENTIFY each and every PERSON by name and address who YOU contend has knowledge of any fact supporting YOUR contention that DEFENDANT Wadkins falsified records to support a guilty finding as YOU allege in YOUR COMPLAINT.

<u>Plaintiff's Response</u>: Refer to Interrogatory No. 11 in the response.

<u>Interrogatory No. 15</u>: IDENTIFY all DOCUMENTS supporting YOUR contention that DEFENDANT Wadkins falsified records to support a guilty finding as YOU allege in YOUR COMPLAINT.

<u>Plaintiff's Response</u>: Defendant W. S. Wadkins notified, summoned correctional officer J. Cavaguan into his office to sign, write and/or approved all falsified records/documentation. Refer to Interrogatory Plaintiff's responses 1 through 11.

<u>Ruling</u>: Defendant's motion to compel shall be granted. Plaintiff's responses are incomplete as Plaintiff merely refers to prior responses to separate and distinct interrogatories. Plaintiff must provide further responses by listing each person by name and address and each specific identifiable documentation in support of his claims. Accordingly, Plaintiff will be directed to provide further responses to Interrogatory Nos. 14 and 15 within thirty days.

///

**6. Interrogatory Nos. 17, 18 and 19**

Interrogatory No. 17: State all facts of YOUR contention that DEFENDANT Wadkins' decision was not supported by "some evidence" as YOU allege in YOUR COMPLAINT.

Plaintiff's Response: Defendant W. S. Wadkins including his officers imposed punishment on Plaintiff, extra work assignment, denial of participation in self-help program which was recommended by the BPH. Administrative denying Plaintiff Due Process in regards to Appeal Log #SATF-A-15-02891, Appeals Log #SATF-A-15-02512, Appeals Log #SATF-A-16-00143, Appeal log #SATF-A-16-00217, Appeal Log #SATF-A-16-00331. Defendant W. S. Wadkins has had it in for me for a long time.

Interrogatory No. 18: IDENTIFY each and every PERSON by name and address who YOU contend has knowledge of any fact supporting YOUR contention that DEFENDANT Wadkins' decision was not supported by "some evidence" as YOU allege in YOUR COMPLAINT.

Plaintiff's Response: Refer to Plaintiff's witnesses statements. See Attachments Exhibit 8, 9, 11.

Interrogatory No. 19: IDENTIFY all DOCUMENTS supporting YOUR contention that DEFENDANT Wadkins' decision was not supported by "some evidence" as YOU alleged in YOUR COMPLAINT.

Plaintiff's Response: Refer to Attachment F: CDCR 128-C. See Exhibit 11 Medical Evaluation for SBI Medical Chrono, stating no serious injuries was received/noted signed by Medical Personnel who now is Chief Executive Medical Officer of SATF Mr. Godwin Ugwueze M.D. date 10/15/2015; also a correctional officer personnel may not diagnose illnesses, only medical authorized staff. See California Code of Regulations, Title 15, 3354.

Ruling: Defendant's motion to compel shall be granted. With regard to Interrogatory No. 17, Plaintiff's response is unresponsive as Plaintiff merely contends that he was subjected to punishment by Defendant and denied due process with regard to his inmate appeals. However, the claim for which this action is proceeding involves the disciplinary hearing for a Rules Violation Report for fighting with another inmate, not the processing or handling of inmate appeals. With regard to Interrogatory No. 18, Plaintiff's merely refers to Plaintiff's witness statements and references Exhibit 8, 9, and 11.

However, Plaintiff's response is deficient as it does not identify who has knowledge of the allegations in Interrogatory No. 17. With regard to Interrogatory No. 19, Plaintiff merely refers to an attachment as an exhibit and cites to the California Code of Regulations Title 15. Plaintiff's response is nonresponsive as Plaintiff does not identify documents supporting his contention that Defendant's decision was not supported by "some evidence." Accordingly, Plaintiff will be directed to file further responses to Interrogatory Nos. 17, 18 and 19.

### 7. Interrogatory Nos. 20, 21 and 22

<u>Interrogatory No. 20</u>: IDENTIFY each and every fact in support of YOUR contention that YOU are entitled to punitive damages from DEFENDANT Wadkins as alleged in YOUR COMPLAINT.

<u>Plaintiff's Response</u>: Defendant W. S. Wadkins violated Plaintiff's Fifth, Sixth and Fourteenth Amendment Constitutional right and possibly being found suitable for parole.

<u>Interrogatory No. 21</u>: IDENTIFY each and every PERSON by name and address who has knowledge of any fact in support of YOUR contention that YOU are entitled to punitive damages from DEFENDANT Wadkins as alleged in YOUR COMPLAINT.

<u>Plaintiff's Response</u>: Refer to witnesses. See Exhibit 3, 8, 9, 11 who explained in writing. Plaintiff was not in violation of California Code of Regulations Title 15, 3005(d)(1) Fighting/injuries consistent with being involved in physical altercation. Defendant W. S. Wadkins has been very bias prejudice toward Plaintiff causing Plaintiff to seek counsel from psychiatrist medication. Plaintiff questioned if he's hearing voices and/or attempts of suicide/suicidal. Plaintiff Mario King suffered weight loss, nightmares, depression, paranoia, continual headaches, deprived of recreation and/or yard an additional "60 day" after Defendant W. S. Wadkins' punishment. See Log No. SATF A-16-00331.

<u>Interrogatory No. 22</u>: IDENTIFY all DOCUMENTS supporting YOUR contention that YOU are entitled to punitive damages from DEFENDANT Wadkins as alleged in YOUR COMPLAINT.

<u>Plaintiff's Response</u>: All of the above mentioned herein the Petition Motion.

<u>Ruling</u>: Defendant's motion to compel shall be granted. With regard to Interrogatory No. 20, Plaintiff's response is deficient because he does not reference any facts in support of his contention, but rather states legal conclusions and additional allegations. With regard to Interrogatory No. 21,

Plaintiff also did not identify any persons with knowledge of facts to support his claim for punitive damages. With regard to Interrogatory No. 22, Plaintiff merely refers to "all the above mentioned herein the petition motion." Plaintiff's response is nonresponsive because the prior interrogatories are not responsive to the information sought in response to Interrogatory No. 22, and Plaintiff failed to identify all the known facts, individuals, and documentation in support of his claim for punitive damages. Accordingly, Plaintiff will be directed to file a supplement response to Interrogatory Nos. 20, 21 and 22.

### III.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to compel is GRANTED as to Interrogatory Nos. 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21 and 22, and DENIED as to Interrogatory No. 10;

2. Plaintiff shall file a supplemental response to each Interrogatory Nos. 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21 and 22, within **thirty (30) days** from the date of service of this order;

3. If Plaintiff does not know or is not in possession of the requested information, he should so state in his response to that particular interrogatory;

4. If a dispute arises between the parties regarding Plaintiff's supplemental responses, they are required to meet and confer in good faith, either in person or by telephone, in an attempt to resolve the dispute without court action, and Defendant's counsel bears the burden of setting up the meeting;[1]

///
///
///
///

---

[1] If Defendant is dissatisfied with any responses, he must send Plaintiff a letter within **fifteen (15) days** of receipt of the discovery responses, and arrange for an in-person or a telephonic meeting within **fifteen (15)** days thereafter. If this time frame is not feasible, Defendant may request an extension on the basis of good cause.

5. If the parties are unable to resolve their disputes, within **thirty (30) days** from the date they met and conferred, Defendant shall file a status report, supported by copies of the supplemental discovery responses, regarding what remains in dispute.

IT IS SO ORDERED.

Dated:   **June 21, 2017**

UNITED STATES MAGISTRATE JUDGE