**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIO KING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>W.S. WADKINS,<br><br>　　　　Defendant. | Case No.: 1:16-cv-00433-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY<br><br>[ECF No. 65] |

Plaintiff Mario King is a state prisoner and appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to re-open discovery, filed August 3, 2017. Defendant filed an opposition on August 9, 2017, and Plaintiff did not file a reply. Therefore, the motion is deemed submitted for review without oral argument. Local Rule 230(l).

**I.**

**DISCUSSION**

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the

inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

In this instance, the Court issued the discovery and scheduling order on August 23, 2016, setting the deadline for completion of all written discovery as April 23, 2017. (ECF No. 18.) The discovery and scheduling order provides "discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135[,]" and "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is first served." (ECF No. 18 at ¶¶ 1-2.)

Prior to the expiration of the discovery deadlines, Defendants filed a motion to extend the discovery deadline on April 13, 2017. (ECF No. 40.) On April 17, 2017, the Court granted Defendant's motion and extended the discovery deadline to May 8, 2017. (ECF No. 41.) Plaintiff thereafter sought an additional extension of time to provide responses to Defendant's discovery requests on April 17, 2017. (ECF No. 42.) The Court granted Plaintiff's requests and extended the discovery deadline to June 14, 2017. (ECF No. 43.) The dispositive motion deadline is currently set for September 3, 2017. (ECF Nos. 47.)

Plaintiff's motion to re-open discovery must be denied because he has failed to show good cause. In his motion, Plaintiff seeks to re-open discovery to "elude exculpatory evidence that will provide beyond a doubt Plaintiff's case." (ECF No. 63 at 1:25-26.) Plaintiff references interrogatories and requests for productions of documents as discovery he seeks to request. However, Defendant submits that no discovery requests were ever served on them. (Declaration of A. De La Torre-Fennell (De La Torre-Fennell Decl.) at ¶ 5.)

Plaintiff had eight months from August 26, 2016-the date of issuance of the discovery and scheduling was issued to propound discovery requests. Yet, Plaintiff failed to propound any discovery, notwithstanding the fact that during the eighth month time frame Defendant propounded discovery and sought a motion to compel discovery, which was granted. (ECF Nos. 31, 34, 40, 41, 42, 43, 44, 57.) Plaintiff's general allegations that he is not trained in the law and is not familiar with the tools of discovery do not show good cause for an extension of the discovery deadline. There is simply no indication that Plaintiff is subjected to burdens beyond those ordinarily imposed on incarcerated pro se litigants. Furthermore, Plaintiff has not indicated what, if any, actions he has undertaken to demonstrate that he was working diligently to meet the August 23, 2016, discovery deadline, and evidence demonstrates to the contrary. If Plaintiff was in need of discovery to prosecute his case, or required additional time to propound it, the record in this case supports the finding that he was capable of filing a motion to modify the discovery and scheduling order to extend the discovery deadline. Yet, Plaintiff failed to do so until almost two months after the discovery deadline expired, and after Defendant conducted his deposition and just before the dispositive motion deadline is set to expire. Moreover, Plaintiff has failed to identify any documentation or category of documentation of which Defendant in his possession that would assist in litigating Plaintiff's claims. Indeed, Plaintiff contends that he "can almost ensure" his line of questioning will "expose or elude to exculpatory evidence" in his case and "rebuttal of his other filed lawsuit against correctional sergeant J. Barrios for retaliation." (ECF No. 63 at 3:24-27.) However, Plaintiff's request to rebut evidence in a different action is irrelevant as to discovery in this action and has no bearing on the claims against Defendant Watkins. Accordingly, Plaintiff has failed to show good cause to re-open discovery in this case, and Plaintiff's motion must be denied.

IT IS SO ORDERED.

Dated: **August 31, 2017**

UNITED STATES MAGISTRATE JUDGE

3