**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIO KING,<br><br>  Plaintiff,<br><br> v.<br><br>W.S. WADKINS,<br><br>  Defendant. | Case No.: 1:16-cv-00433-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL BUT EXTENDING DISCOVERY AND DISPOSITIVE MOTION DEADLINES FOR LIMITED PURPOSE OF DEFENDANT RESPONDING TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS<br><br>[ECF No. 66] |

Plaintiff Mario King is a state prisoner and appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed August 23, 2017. Defendant filed an opposition on August 30, 2017, and Plaintiff did not file a reply. Therefore, the motion is deemed submitted for review without oral argument. Local Rule 230(l).

**I.**

**DISCUSSION**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ.

1

P. 37(a)(1); Local Rules 240, 251; ECF No. 18, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

///

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Plaintiff seeks to compel Defendant's responses to his interrogatories and requests for production of documents. Discovery began in this case on August 23, 2016. (ECF No. 18.) On February 1, 2017, Defendant served Plaintiff with interrogatories and requests for production of documents. (Declaration of A. De La Torre-Fennell ("De La Torre-Fennell Decl.") ¶ 4.) Plaintiff filed a request for an extension of time to respond to Defendant's interrogatory request on March 6, 2017. (ECF No. 31.) On March 16, 2017, Defendant filed a notice of non-opposition. (ECF No. 33.) On March 20, 2017, the Court granted Plaintiff until April 17, 2017, to serve his interrogatory responses. (ECF No. 34.) Plaintiff served Defendant with his interrogatory responses on April 10, 2017. (De La Torre-Fennell Decl. ¶ 5.) On April 17, 2017, Plaintiff filed a request to extend the time to respond to Defendant's request for production of documents. (ECF No. 42.) On April 20, 2017, the Court extended the time for Plaintiff to respond until May 24, 2017, and extended the deadline for completion of discovery to June 14, 2017. (ECF No. 43.) The dispositive motion deadline is currently set for September 18, 2017. (ECF No. 47.)

///

1    Defendant submits that the discovery documents were not served on him and the only
2    document he received was Plaintiff's response to Defendant's first set of interrogatories on April
3    2017. (De La Torre-Fennell Decl. ¶ 5.) Defendant never received Plaintiff's interrogatory requests or
4    requests for production of documents. (Id. ¶ 7.)
5    Plaintiff attaches a copy of his first set of interrogatories to Defendant along with a first set of
6    requests for production of documents. (Mot. Ex. A, ECF No. 66.) Plaintiff submits that the
7    documents were filed with the Court. (Pl.'s Decl. ¶ 3, ECF No. 66.) However, the affixed stamp
8    demonstrates that the document was received in this Court on April 13, 2017, but was not filed. (ECF
9    No. 66, Ex. A.) As stated in the first information order issued March 31, 2016, "[d]iscovery requests
10   must be served directly on the attorney for the party from whom discovery is sought…., parties are not
11   to file copies of their discovery requests with the Court. Local Rules 250.1, 250.2, 250.3, 250.4.
12   Discovery documents improperly submitted to the Court may be stricken from the record." (Order at
13   2:22-25, ECF No. 2.) In addition, as stated in the Court's August 23, 2016, discovery and scheduling
14   order, "[d]iscovery requests and responses shall not be filed with the Court unless required by Local
15   Rules 250.2, 250.3 and 250.4." (Order at 1:19-20, ECF No. 18.) Although Plaintiff did not adhere to
16   the procedural rules of this Court, he did timely draft and submit a first set of interrogatories and
17   request for production of documents to the Court, and in the interest of justice, the Court will extend
18   the discovery deadline for the limited purposes of directing Defendant to file a response to Plaintiff's
19   discovery requests attached as Exhibit A to the motion to compel (ECF No. 66). <u>No further discovery
20   may be propounded</u>. The Court will also extend the dispositive motion deadline in light of the
21   extension of the discovery deadline. Accordingly, it is HEREBY ORDERED that:
22       1.   Plaintiff's motion to compel is denied;
23       2.   The discovery deadline is extended for the *limited* purpose of Defendant responding to
24   Plaintiff's discovery requests attached as Exhibit A to the motion to compel (ECF No. 66);
25       3.   Within forty-five (45) days from the date of service of this order, Defendant shall file a
26   response to Plaintiff's first set of interrogatories and request for production of documents attached as
27   Exhibit A to the motion to compel (ECF No. 66); and
28   ///

4

4. The dispositive motion deadline is extended to November 30, 2017.

IT IS SO ORDERED.

Dated: **September 13, 2017**

_____
UNITED STATES MAGISTRATE JUDGE