UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO KING,<br><br>            Plaintiff,<br><br>v.<br><br>W.S. WADKINS,<br><br>            Defendant. | Case No.: 1:16-cv-00433-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR IMPOSITION OF SANCTIONS<br><br>[ECF No. 80] |

Plaintiff Mario King is a state prisoner and appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel and for imposition of sanctions, filed November 1, 2017. Defendant filed an opposition on November 14, 2017. Plaintiff did not file a reply and the time to do so has expired. Accordingly, the instant motion is submitted for review without oral argument. Local Rule 230(l).

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendant W.S. Wadkins for alleged due process violations relating to a rules violation for fighting with another inmate.

Defendant Wadkins filed an answer to the complaint on August 18, 2016, and on August 23, 2016, the Court issued the discovery and scheduling order.

1

On August 23, 2017, Plaintiff filed a motion to compel, and Defendant opposed the motion on the ground that Defendant had not been served with the discovery requests. On September 13, 2017, the Court denied Plaintiff's motion to compel, but ordered Defendant to serve responses to Plaintiff's first set of interrogatories and request for production of documents within forty-five days of the Court's order.

On October 27, 2017, Defendant filed a request for an extension of time to serve his interrogatory responses. The Court granted Defendant's request on October 30, 2017, and granted Defendant until November 3, 2017, to serve his responses to the interrogatory requests.

Defendant submits that he served his response to the requests for production of documents on October 27, 2017, and his response to the interrogatory requests on October 30, 2017. (Declaration of A. De La Torre-Fennell (De La Torre-Fennell) ¶¶ 5, 7; ECF No. 81-1.)

## II.

## DISCUSSION

### A. Motion to Compel

This is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Plaintiff filed his motion to compel on November 1, 2017, self-dated by Plaintiff on October 28, 2017. (ECF No. 80.) Plaintiff contends that Defendant has failed to comply respond to the outstanding discovery requests as ordered in the Court's September 13, 2017 order, and Plaintiff requests imposition of sanctions. However, defense counsel declares that on October 27, 2017-just one day prior to Plaintiff's motion to compel, Defendant timely served a response to Plaintiff's

requests for production of documents. (De La Torre-Fennell ¶ 5) Then, after receiving an extension of time, Defendant filed a response to Plaintiff's interrogatory requests on October 30, 2017. (De La Torre-Fennell ¶ 7.) Accordingly, there is no basis to grant Plaintiff's motion to compel and it must be denied.

### B. Request for Imposition of Sanctions and Reasonable Expenses

Plaintiff seeks $875.23 for the filing of the instant motion to compel, and an additional $875.27 as sanctions.

"Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001). Under Rule 37(b)(2), subsections (A) through (C), sanctions are "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002).

If a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Plaintiff's pro se status does not insulate him from sanctions for failure to respond to discovery. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding pro se); Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (pro se status "does not excuse intentional noncompliance with discovery rules.").

As an initial matter, Plaintiff is proceeding pro se in this action and has therefore not incurred attorney's fees. In addition, as explained above, Plaintiff's claim that Defendant has failed to respond to his discovery requests is without merit and there is no basis for imposition of sanctions. Accordingly, there is simply no justification to impose sanctions against Defendant, and Plaintiff's motion must be denied.

///
///
///

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel and for imposition of sanctions is DENIED.

IT IS SO ORDERED.

Dated: __**November 29, 2017**__

UNITED STATES MAGISTRATE JUDGE