UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W.S. WADKINS,<br><br>　　　　　Defendant. | Case No. 1:16-cv-00433-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO EXTEND THE DISCOVERY DEADLINE TO FILE A MOTION TO COMPEL<br><br>[ECF Nos. 82, 83] |

Plaintiff Mario King is a state prisoner and appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's two separate motions to extend the time to file a motion to compel, filed November 27, 2017. Defendant did not file an opposition and the time to do so has passed. Therefore, the motion is deemed submitted for review without oral argument. Local Rule 230(l).

On August 23, 2016, the Court issued the discovery and scheduling order on August 23, 2016, setting the deadline for completion of all written discovery as April 23, 2017. (ECF No. 18.) The discovery and scheduling order provided that the deadline for the completion of all discovery, included the filing of all motions to compel. (Id. at 2.) "Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit for a response and time to prepare and file a motion to compel." (Id.)

1

Prior to the expiration of the discovery deadlines, Defendants filed a motion to extend the discovery deadline on April 13, 2017. (ECF No. 40.) On April 17, 2017, the Court granted Defendant's motion and extended the discovery deadline to May 8, 2017. (ECF No. 41.) Plaintiff thereafter sought an additional extension of time to provide responses to Defendant's discovery requests on April 17, 2017. (ECF No. 42.) The Court granted Plaintiff's requests and extended the discovery deadline to June 14, 2017. (ECF No. 43.)

On August 23, 2017, Plaintiff filed a motion to compel, and Defendant filed an opposition on August 30, 2017. On September 13, 2017, the Court denied Plaintiff's motion to compel but extended the discovery and dispositive motion deadlines for the limited purpose of Defendant to respond to Plaintiff's first set of interrogatories and first set of production of documents within forty-five days of the order. (ECF No. 74.)

On October 30, 2017, the Court granted Defendant's request for an extension of time to November 3, 2017, to serve a response to Plaintiff's discovery requests. (ECF No. 79.) Defendant timely responded to all of Plaintiff's discovery requests. (ECF No. 81.)

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

///

///

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Plaintiff fails to demonstrate good cause to extend the discovery deadline for the purpose of filing a motion to compel. As stated, the discovery deadline expired on June 14, 2017, and despite such deadline, the Court directed Defendants to file a response to Plaintiff's first set of interrogatories and first set of production of documents, which has been done. Plaintiff has not explained how any of Defendant's responses were improper or insufficient and has not demonstrated the he was diligent in conducting discovery. Plaintiff's mere statement that the responses to his interrogatories were vague and ambiguous or that production of certain documents are exculpatory evidence in support of his case, fails to demonstrate good cause for an extension of the discovery deadline. Plaintiff cannot simply file a motion to compel because he does not like the responses provided by Defendant. Accordingly, Plaintiff's motion for an extension of the discovery deadline is denied.

IT IS SO ORDERED.

Dated: **December 21, 2017**

UNITED STATES MAGISTRATE JUDGE

3