# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO KING,<br><br>        Plaintiff,<br><br>    v.<br><br>W.S. WADKINS,<br><br>        Defendant. | Case No. 1:16-cv-00433-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 84] |

Plaintiff Mario King is a state prisoner and appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion for summary judgment filed on November 29, 2017.

## I.

## RELEVANT HISTORY

This action is proceeding against Defendant W.S. Wadkins for alleged due process violations relating to a rules violation for fighting with another inmate.

Defendant Wadkins filed an answer to the complaint on August 18, 2016, and on August 23, 2016, the Court issued the discovery and scheduling order.

As previously stated, Defendant filed a motion for summary judgment on November 29, 2017. Plaintiff did not file an opposition and the time period to do so has expired. Accordingly, Defendant's

motion for summary judgment is deemed submitted for review, without oral argument. Local Rule 110.

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d at 942 (quotation marks and citation omitted).

## III.

## DISCUSSION

**A.     Summary of Plaintiff's Allegations**

On October 25, 2015, Plaintiff was in institution placement when officer B. Martinez placed Plaintiff in handcuffs and escorted him to the program office without justification or explanation. Plaintiff was interrogated with questions initiated by law enforcement without justification for said

2

actions. During an unclothed search of Plaintiff, questions continued and when Plaintiff asked the reason for the interrogation and restraint he was not given any information.

Plaintiff was issued a rules violation for fighting with another inmate. On November 23, 2015, a rules violation hearing was conducted by W.S. Wadkins and evidence was presented. Plaintiff offered witness statements which were disregarded by Wadkins. Wadkins stated that his officers had no reason to lie. Plaintiff submits that there was not some evidence to support the finding of guilt.

**B.      Statement of Undisputed Facts**

1. After speaking with Plaintiff on October 25, 2015, officer Martinez issued Plaintiff Rules Violation Report Log No. A-15-10-022. (Declaration of W. Wadkins (Wadkins Decl.) ¶ 8.)

2. Plaintiff received a copy of Rules Violation Report Log No. A-15-10-022 on November 2, 2015. (Wadkins Decl. ¶ 8, Ex. A.)

3. The hearing on Rules Violation Report Log No. A-15-10-022 occurred on November 23, 2015. (Wadkins Decl. ¶ 9.)

4. Defendant Wadkins was the Senior Hearing Officer at the November 23, 2015 hearing. (Wadkins Decl. ¶ 9.)

5. Plaintiff was not assigned a staff assistant or an investigative employee at the November 23, 2015 hearing. (Wadkins Decl. ¶ 10, Ex. A.)

6. Defendant Wadkins reviewed the list of Plaintiff's requested witnesses at the November 23, 2015 hearing. (Wadkins Decl. ¶ 11.)

7. The witnesses Plaintiff sought to present at the hearing were not present during officer Martinez's interview of Plaintiff. (Wadkins Decl. ¶ 11.)

8. Defendant Wadkins found the requested witnesses did not have any relevant information to the RVR. (Wadkins Decl. ¶ 11.)

9. Officer Martinez's interview of Plaintiff was not recorded. (Wadkins Decl. ¶ 12.)

10. The evidence considered at the hearing was the Rules Violation Report Log No. A-15-10-022, Plaintiff and inmate Knox's CDC 7219 Medical Reports of Injury or Unusual Occurrence and corresponding Medical Evaluation for SBI, CDCR 128C by Dr. Ugwueze. (Wadkins Decl. ¶ 13.)

11. Defendant Wadkins prepared a final Rules Violation Report containing his findings on December 18, 2017. (Wadkins Decl. ¶ 15.)

12. Plaintiff received a final copy of Rules Violation Report Log No. A-15-10-022 on December 29, 2015. (Wadkins Decl. ¶ 16.)

### C. Parties Arguments

Defendant argues that summary judgment should be entered in favor of him because the undisputed facts demonstrate that Plaintiff was afforded all the procedural due process to which he was entitled. In addition, the undisputed evidence establishes that sufficient evidence supported the guilty finding. Furthermore, because Defendant complied with the disciplinary hearing procedures he is entitled to summary judgment.

Plaintiff contends that he was denied the right to present witnesses and there was not some evidence to support the finding of guilt.

### D. Analysis and Findings on Motion

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent

and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56.

As a result of the rules violation, Plaintiff was assessed a ninety-day credit forfeiture under Title 15 of the California Code of Regulations section 3323, therefore, it is undisputed that Plaintiff had a liberty interest in the good time credits. Sandin v. Connor, 515 U.S. 484 (1995).

Due Process requires allowing witnesses when permitting the inmate to present witnesses will not be unduly hazardous to institutional safety or correctional goals. Wolff, 418 U.S. at 566. The prison official has the discretion to refuse to call witnesses, "whether it be for lack of relevance, lack of necessity, or the hazards presented in individual cases." Id.

1. Procedural Due Process

Defendant submits undisputed evidence that Plaintiff was afforded all of the procedural due process for which he was entitled. Plaintiff was given written notice of the charges on November 2, 2015, well before the November 23, 2015 hearing. (UF 2.) Plaintiff was also issued a written statement by Defendant Wadkins which outlined the evidence relied upon and the reasons for the finding of guilt. (UF 11, 12.) Defendant Wadkins declares that prior to the hearing Plaintiff requested Officer Wimer as a witness, and during the hearing, Plaintiff requested several witnesses. (UF 6.) However, Defendant Wadkins found that the witnesses identified did not have any relevant information because they were not present during Officer Martinez's interview. (UF 7, 8.) Defendant Wadkins's determination was reasonable given that the rules violation report was based on Plaintiff's confession to Officer Martinez that he had been fighting with another inmate. (Wadkins Decl. ¶ 8.) Based on the undisputed evidence, Plaintiff received all of the procedural due process for which he was due and Plaintiff's claim to the contrary is without merit.

2. Some Evidence to Support Guilty Finding

"Due process [in the context of disciplinary proceedings] requires only that there be some evidence to support the findings made in the disciplinary hearing." Superintendent v. Hill, 472 U.S. 445, 457 (1985). The "some evidence" review requires a determination of "whether there is any evidence in the record that could support the conclusion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). In rendering its determination, the Court does not "examine the entire record,

5

independently assess witness credibility, or reweigh the evidence." Bruce, 351 F.3d at 1287. Evidence only must bear "some indicia of reliability" to be considered "some evidence." Toussaint v. McCarthy, 926 F.2d 800, 803 (1990).

As previously mentioned, the rules violation report indicated that Plaintiff self-admitted to fighting with an inmate, and Defendant Wadkins relied on such admission, in part, in finding Plaintiff guilty. Wadkins further considered the 7219 medical report of injury or unusual occurrence form for inmate Knox which reflects that Knox had injuries consistent with a physical altercation. (Wadkins Decl. ¶ 13.) Based on the foregoing evidence, there is some evidence to support the finding of guilt and Defendant Wadkins is entitled to summary judgment.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Wadkin's motion for summary judgment be granted; and
2. The Clerk of Court be directed to enter judgment in favor of Defendant.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 12, 2018**

UNITED STATES MAGISTRATE JUDGE