UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO KING,<br><br>    Plaintiff,<br><br>    v.<br><br>W.S. WADKINS,<br><br>    Defendant. | Case No. 1:16-cv-00433-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT AND GRANTING EXTENSION OF TIME TO FILE OBJECTIONS TO THE PENDING FINDINGS AND RECOMMENDATIONS<br><br>[ECF No. 89] |

Plaintiff Mario King is a state prisoner and appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to stay ruling on Defendant Wadkin's motion for summary judgment and extension of time to file an opposition, filed January 29, 2018. Plaintiff's motion is self-dated January 23, 2018.

On November 29, 2017, Defendant Wadkins filed a motion for summary judgment on the merits of Plaintiff's due process claim. (ECF No. 84.) Plaintiff failed to file an opposition, therefore, on January 12, 2018, the undersigned issued Findings and Recommendations recommending that Defendant's motion for summary judgment be granted. As previously stated, Plaintiff now seeks to stay ruling on Defendant's motion and an extension of time to file an opposition. Plaintiff's motion for a stay must be denied both as moot and on the merits.

1

As an initial matter, inasmuch as the undersigned has properly issued Findings and Recommendations on Defendant's motion for summary judgment, Plaintiff's motion to stay ruling is rendered moot.[1] Furthermore, Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006). Plaintiff has made no such showing and his bare desire to obtain information before responding to Defendant's motion does not entitle him to relief under Rule 56(d). Naoko Ohno v. Yuko Yasuma, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must be based on more than mere speculation). Therefore, Plaintiff's motion must be denied.

Plaintiff also requests that the Court issue an order granting him the ability to communicate with inmate Knox. Plaintiff's request must be denied. Inmates are not entitled to freely communicated with one another, and the ability of Plaintiff to contact and communicate to his inmate witnesses may not be feasible. Cal. Code Regs., tit. 15, § 3139. Contrary to Plaintiff's assertions, CDCR restrictions do not prohibit inmates from contacting one another. Cal. Code Regs. tit. 15, § 3139 sets forth the procedure an inmate must follow in order to initiate communication with a parolee or other inmate: he must have an interview with his Correctional Counselor, complete a Request for Correspondence Approval form, and obtain written authorization from the Warden of his institution. Cal.Code Regs. tit 15, § 3139(a)-(c). Accordingly, Plaintiff's request for a court order to communicate

///

---

[1] Plaintiff does not acknowledge that the undersigned issued Findings and Recommendations on January 12, 2018.

with inmate Knox is denied. In the interest of justice, the Court will grant Plaintiff thirty additional days to file objections to the Findings and Recommendations, if he desire to do so.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay ruling on Defendant's motion for summary judgment is denied; and

2. Plaintiff is granted thirty days from the date of service of this order to file objections to the January 12, 2018 Findings and Recommendations.

IT IS SO ORDERED.

Dated: __**January 30, 2018**__

UNITED STATES MAGISTRATE JUDGE